UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:91-CR-00030-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| MARVIN HOOKER, | ) | |
| Defendant | ) | |

This matter is before the court on defendant's *pro se* 8 July 2010 "motion for release from judgement pursuant to Rule 60(b)." The court construes the motion as one for reconsideration of its 1 June 2009 order. On that date, the court granted defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive amendments to the crack cocaine sentencing guidelines. The motion, filed by counsel, requested that the court reduce defendant's sentence to the low end of the amended guideline range, 210 months. The court declined to do so, instead reducing defendant's sentence to the high end of the amended range, 262 months. By way of the instant motion, defendant claims the court erred by not holding a hearing on his § 3582(c)(2) motion and by not considering the factors in 18 U.S.C. § 3553 and requests that the court reduce defendant's sentence to the low end of the amended guideline range.

"[A] judge need not hold a hearing when considering a § 3582(c)(2) motion." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). Furthermore, while the court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable," 18 U.S.C. § 3582(c)(2), absent a contrary indication, there is presumption the court considered those

factors when evaluating a reduction in sentence under § 3582(c)(2), see Legree, 205 F.3d at 728-29. The court considered the factors in § 3553(a) in evaluating the appropriate sentence reduction and nothing in the record indicates otherwise.

Defendant's motion is DENIED.

This 25 October 2010.

                                        W. Earl Britt
                                        Senior U.S. District Judge